IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN J. ROOKS, <br><br> *Plaintiff*, <br><br> v. <br><br> BIBB COUNTY SHERIFF, *et al.*, <br><br> *Defendants.* | CIVIL ACTION NO. <br> 5:21-cv-00004-TES-MSH |

## ORDER

Before the Court is *pro se* Plaintiff Jonathan J. Rooks' Motion for Reconsideration [Doc. 19] of the Court's adoption of the United States Magistrate Judge's Report and Recommendation [Doc. 10] to dismiss Plaintiff's Complaint without prejudice. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 19].

### DISCUSSION

To start, Plaintiff's Motion is untimely. The Court entered its Order adopting the United States Magistrate Judge's Report and Recommendation on July 19, 2021. [Doc. 16]. The Clerk of Court entered Judgment [Doc. 17] dismissing this action the very next day. To the extent that Plaintiff sought reconsideration of the Court's Order, he needed to have complied with the Middle District of Georgia's Local Rule on motions for

reconsideration. Pursuant to Local Rule 7.6, "[w]ith the exception of motions filed pursuant to Fed. R. Civ. P 59(e), motions for reconsideration shall be filed within fourteen (14) days after entry of the order." LR 7.6, MDGa. Since Plaintiff did not file his Motion pursuant to Fed. R. Civ. P. 59 (e)[1], he had 14 days from July 19, 2021, to move for reconsideration of the Court's Order. He did not. Instead, Plaintiff filed his Motion more than six months after the Order was entered and the case was dismissed. He offers no explanation for his delay in filing this Motion. Therefore, Plaintiff's Motion is due to be denied as untimely.

Even if Plaintiff had timely filed his Motion, it would still be denied on its merits. Once again, the Court turns to the Local Rules. "Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. The "reconsideration of a previous order is an extraordinary remedy to be employed sparingly[,]" and there are only a few circumstances in which it is appropriate. *Bingham v. Nelson*, No. 5:08-CV-246, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Reconsideration is appropriate only if a party demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the

---

[1] Even if Plaintiff had filed his Motion pursuant to Federal Rule of Civil Procedure 59(e), it would still be untimely. Motions brought pursuant to this Rule must be filed "no later than 28 days after entry of the judgment." Fed. R. Civ. P 59(e). Here, Plaintiff filed his Motion more than six months after Judgment was entered.

time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)).

Here, Plaintiff has not met the standard for reconsideration. While Plaintiff attempts to allege that the Court's previous Order contained "errors of law and facts[,]" he fails to detail what these alleged "errors" may be and how they impact the Court's ultimate ruling in this matter. [Doc. 17, p. 5]. Instead, Plaintiff appears to use his Motion as another vehicle to promulgate conspiracy theories about the various judges assigned to this case. *See* [*id.* at p. 4 n.1 ("Overall, it alleged to believe in the presumption of the fact, that Judge's Stephen Hyles and Tillman Self III, has acted under color of law by literally discriminating against Petitioner because of his race of being an african american citizen." [sic])]; [*id.* at p. 4 ("In other words, to narrow it all down, this goes to show this court that the Bibb County Superior Court Judge Howard Z. Simms, Georgia Supreme Court Justice's, Office of the Attorney General for Georgia and Bibb County District Attorneys Office, are well connected to U.S. District Court Judge Tillman Self III." [sic])]. This is simply not an appropriate use of a motion for reconsideration. Since Plaintiff does not present any new evidence, change in law, or other development which would cause the Court to reverse course, his Motion is **DENIED**.

3

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 19]. The Court also **TERMINATES as moot** Plaintiff's Petition for Investigation on Flagrant Judicial Conduct [Doc. 18] and his Motion for Complaint of Judicial Misconduct and Judicial Disability [Doc. 20].

**SO ORDERED**, this 15th day of February, 2022.

/s/ Tilman E. Self, III_____
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**